IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> HELAMAN HANSEN <br><br> Defendant-Appellant. | No. 17-10548 <br><br> D.C. No. 2:16-cr-0024-MCE-1 <br><br> Eastern District of California, Sacramento |

**UNOPPOSED MOTION OF AMERICAN CIVIL LIBERTIES UNION AND AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), amici curiae American Civil Liberties Union and the American Civil Liberties Union of Northern California (together, "Amici") respectfully submit this motion for leave to participate in oral argument in this case. Appellant consents to the motion, and seeks to give Amici eight minutes of his time. Appellee takes no position on the motion.

In support of this motion, Amici state as follows:

1. Federal Rule of Appellate Procedure 29(a)(8) provides that amici curiae may participate in oral argument with the Court's permission.

2. On September 21, 2021, Amici submitted an amicus brief in support of Appellant and reversal for this Court's review, and filed an unopposed motion to

1

extend time to file an amicus brief until that date. The brief addressed the constitutionality of 8 U.S.C. § 1324(a)(1)(A)(iv).

3. On September 23, 2021, the Court granted Amici's motion, and ordered that Appellee may file a supplemental brief in response to Amici's brief.

4. On September 24, 2021, the Clerk filed Amici's brief.

5. On September 29, 2021, Appellee filed a motion to extend the time for filing its supplemental brief, making clear that it intends to respond to the arguments made in Amici's brief.

6. Oral argument in this case is scheduled for November 15, 2021, with each party allocated twenty minutes. Granting this motion would not extend argument time because Appellant would give Amici eight minutes of his allotted time.

7. Amici would exclusively cover the question of whether 8 U.S.C. § 1324(a)(1)(A)(iv) survives First Amendment scrutiny, and Appellant would focus on the other issues raised on appeal. There would be no overlap between the arguments made by Amici and Appellant.

8. Amici respectfully submit that their participation at oral argument would aid the Court and would not prejudice the parties. Amici have extensive experience litigating First Amendment issues, and are well-positioned to address questions concerning content-based and overbroad regulations of speech that fall

short of targeting only incitement or speech integral to criminal conduct. Amici have vigorously defended free speech for more than a century, and have appeared both as direct counsel and as amicus curiae in numerous First Amendment cases before this Court and the Supreme Court, including *Brandenburg v. Ohio*, 395 U.S. 444 (1969); *Ashcroft v. American Civil Liberties Union*, 542 U.S. 656 (2004); and *Valle Del Sol Inc. v. Whiting*, 709 F.3d 808 (9th Cir. 2013). In addition, Amici engage in a nationwide litigation and advocacy program to enforce and protect the constitutional and civil rights of immigrants.

9. Amici's participation will be of particular assistance to the Court in this case because their amicus brief focused exclusively on the constitutionality of 8 U.S.C. § 1324(a)(1)(A)(iv), including legal arguments the United States will likely address in its forthcoming response to amici's brief.

10. Pursuant to their interest in promoting First Amendment rights and immigrants' rights, Amici submitted an amicus brief in *United States v. Sineneng-Smith*, 910 F.3d 461 (9th Cir. 2018) (*Sineneng-Smith I*), in response to the panel's solicitation of briefs addressing the constitutionality of the statute at issue in the instant case, Section 1324(a)(1)(A)(iv). *See* Order, *Sineneng-Smith I*, 910 F.3d 461 (No. 15-10614), Dkt. No. 46. Amici also presented oral argument in that case.

11. In a precedential decision in that case, this Court held Section 1324(a)(1)(A)(iv) to be unconstitutionally overbroad in violation of the First

Amendment, relying in part on briefing by Amici. *See Sineneng-Smith I*, 910 F.3d at 474, 483. The Supreme Court then reversed based on the "party presentation" doctrine, because Ms. Sineneng-Smith herself had not argued that Section 1324(a)(1)(A)(iv) is facially unconstitutional. *See United States v. Sineneng-Smith*, 140 S.Ct. 1575 (2020) (*Sineneng-Smith II*). By contrast, Mr. Hansen, the appellant in this case, raised and briefed the constitutionality of that statute; there is no potential party presentation issue here.

12. Amici respectfully submit that their subject-matter expertise and experience would assist the Court's consideration of the legal issues presented by this appeal.

## CONCLUSION

For the foregoing reasons, Amici respectfully request that this Court grant the motion for leave to participate in oral argument.

Dated: October 1, 2021

Respectfully submitted,

*/s/ Vera Eidelman*
Vera Eidelman
American Civil Liberties
 Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
veidelman@aclu.org

4

Cecillia D. Wang
American Civil Liberties
  Union Foundation
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
cwang@aclu.org

Shilpi Agarwal
American Civil Liberties
  Union Foundation of
  Northern California, Inc.
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621.2493
sagarwal@aclunc.org