No. 17-10548

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA
Plaintiff-Appellee,

v.

HELAMAN HANSEN
Defendant-Appellant.

On Appeal from the United States District Court
for the Eastern District of California

Honorable Morrison C. England, Jr.
United States District Judge

U.S. District Court Case No. 2:16-cr-00024-MCE-1

---

APPELLANT'S MOTION TO FILE A SUPPLEMENTAL BRIEF
ADDRESSING PENDING ISSUES AND RAISING NEW ISSUES

---

HEATHER E. WILLIAMS
Federal Defender
CAROLYN M. WIGGIN
Assistant Federal Defender
801 "I" Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant-Appellant
HELAMAN HANSEN

No. 17-10548

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> HELAMAN HANSEN, <br><br> Defendant-Appellant. | United States District Court Case No. 2:16-cr-00024-KJM-1 <br><br> United States District Court, Eastern District of California, Sacramento <br><br> **APPELLANT'S MOTION TO FILE SUPPLEMENTAL BRIEF RAISING A NEW ISSUE AND ADDRESSING PENDING ISSUES** |

## I.  Introduction

Pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-1, Defendant-Appellant Helaman Hansen hereby moves for permission to file a supplemental brief.  In light of the Supreme Court's opinion in his case, he wishes to update his briefing on pending issues and raise new issues that are supported by the Supreme Court's opinion.

## II.  Bail Status

Mr. Hansen is released pending this appeal.  He is supervised by the Pretrial Services office of the Eastern District of California.  He has served approximately three years of the 20-year sentence the district judge imposed.

1

### III. Position of Plaintiff-Appellee

The government has not agreed to non-opposition of this motion. The government plans to promptly file a response to this motion.

### IV. Background

On July 2, 2018, Mr. Hansen filed his Opening Brief in this appeal. Docket Nos. 7, 9. In his Opening Brief, he raised three issues in support of his argument that Counts 17 and 18 of his conviction should be vacated. These issues were:

1. On its face, 8 U.S.C. § 1324(a)(1)(A)(iv) is void for vagueness;

2. 8 U.S.C. § 1324(a)(1)(A)(iv) is overbroad in violation of the First Amendment; and

3. 8 U.S.C. § 1324(a)(1)(A)(iv) is unconstitutional as applied to Mr. Hansen.

Docket No. 7, CM/ECF pp. 50-57.

After full briefing and oral argument, this Court issued an opinion holding that 8 U.S.C. § 1324(a)(1)(A)(iv) is overbroad in violation of the First Amendment. This Court vacated Counts 17 and 18 and remanded the case to district court for new sentencing proceedings. Docket No. 76-1; *United States v. Hansen*, 25 F.4th 1103 (9th Cir.), *cert. granted*, 143 S. Ct. 555 (2022), *and rev'd and remanded*, __ U.S. __, 143 S. Ct. 1932 (2023). Because this Court decided

the statute was overbroad, it did not address Mr. Hansen's other challenges to Counts 17 and 18. *Id*. at 1106.

The government successfully petitioned for a writ of *certiorari* in the Supreme Court of the United States. On June 23, 2023, the Supreme Court issued an opinion reversing this Court's opinion and remanding the case to the Ninth Circuit for further proceedings consistent with its opinion. *Hansen*, 143 S. Ct. at 1948.

The Supreme Court determined that 8 U.S.C. § 1324(a)(1)(A)(iv) is not overbroad in violation of the First Amendment. In reaching this conclusion, it gave the high court's first interpretation of the current version of 8 U.S.C. § 1324(a)(1)(A)(iv). Portions of its opinion are relevant to issues that are now once again pending in this appeal, and portions of the opinion give rise to new meritorious appellate issues in Mr. Hansen's case. For example, the Supreme Court held:

1. 8 U.S.C. § 1324(a)(1)(A)(iv) "uses 'encourages or induces' in its specialized, criminal-law sense—that is, as incorporating common-law liability for solicitation and facilitation." *Hansen*, 143 S. Ct. at 1942.

2. "'encourage' ha[s] a specialized meaning that channel[s] accomplice liability." *Hansen*, 143 S. Ct. at 1943.

3

3. "when Congress placed 'encourages' and 'induces' in clause (iv), the traditional intent associated with solicitation and facilitation was part of the package." *Hansen*, 143 S. Ct. at 1944.

4. "'encourage' and 'induce,' as terms of art, carry the usual attributes of solicitation and facilitation—including, once again, the traditional *mens rea*." *Hansen*, 143 S. Ct. at 1945.

5. "Section 1324(a)(1)(A)(iv) reaches no further than the purposeful solicitation and facilitation of specific acts known to violate federal law." *Hansen*, 143 S. Ct. at 1946.

6. The *Hansen* Court explicitly avoided deciding whether 8 U.S.C. § 1324(a)(1)(A)(iv) applies to speech encouraging a civil violation of immigration laws. *See Hansen*, 143 S. Ct. at 1948 ("Call this the 'mismatch' theory: Congress can impose criminal penalties on speech that solicits or facilitates a criminal violation and civil penalties on speech that solicits or facilitates a civil violation—but it cannot impose criminal penalties on speech that solicits or facilitates a civil violation. . . . We need not address this novel theory, because even if Hansen is right, his overbreadth challenge fails.")

V. **Argument**

Mr. Hansen moves to file supplemental briefing that both addresses the relevance of the Supreme Court's holdings to his pending challenges to Counts 17 and 18 and raises additional issues that have arisen as a consequence of the Supreme Court's opinion.

Federal appellate courts allow supplemental briefing, including briefing raising new claims after the Opening Brief has been filed, when the additional briefing is based on an intervening change in the law during the pendency of an appeal. As put by the Fourth Circuit, although appellants generally cannot raise new issues after regular briefing, an appellate court can deviate from that rule

> when an intervening decision of this Court or the Supreme Court affects precedent relevant to a case pending on direct appeal. Under such a circumstance, an appellant may timely raise a new argument, case theory, or claim based on that decision while his appeal is pending. And of course, where we ask the parties to file supplemental briefs addressing the effect of that intervening decision (as we did here), such briefs obviate the risk of an improvident or ill-advised opinion being issued on an unbriefed issue.

*United States v. Cisson*, 33 F.4th 185, 191 (4th Cir. 2022) (internal quotations and citations omitted). *See also United States v. Aguilera-Rios*, 769 F.3d 626, 631 (9th Cir. 2014) (allowing substitute brief raising new issue after issuance of relevant Supreme Court opinion). This approach is fair because "[w]hen a new claim is based on an intervening Supreme Court decision . . . the failure to raise the claim in an opening brief reflects not a lack of diligence, but merely a want of

5

clairvoyance." *Joseph v. United States*, 574 U.S. 1038, 135 S. Ct. 705, 706 (statement of Kagan, J., joined by Ginsburg & Breyer, JJ., respecting the denial of *certiorari*).

The *Hansen* Court's holdings are relevant to Mr. Hansen's pending argument that 8 U.S.C. § 1324(a)(1)(A)(iv) is unconstitutional as applied to his acts of (1) telling Mr. Vosa[1] not to worry about his visitor's visa expiring but to stay in the United States to participate in the American Helping Americans adult adoption program (ER II pp. 205-208); and (2) telling Mr. Nailati not to worry about his upcoming visa expiration date because he was "safe." ER II pp. 189, 220. Generally, it is not a crime for a noncitizen to remain in the United States past their visa expiration date, but only a civil law violation.[2] Because this case involves only discussions about a potential civil violation, the question left open by the Supreme Court—whether the First Amendment prohibits criminal punishment of speech regarding a civil violation—is now ripe for a decision by this Court.

The *Hansen* opinion also requires reassessment of the jury instructions, a point the government conceded in Supreme Court oral argument. Before trial the defense requested that the jury be instructed that in order to convict Mr. Hansen of

---

[1] Mr. Vosa is also referred to as Mr. Veisa at some points in the proceedings.

[2] *Arizona v. United States*, 567 U.S. 3876, 407 (2012) ("As a general rule, it is not a crime for a removable alien to remain present in the United States.").

6

Counts 17 and 18, it must find the government proved the defendant "intended" the noncitizen to reside in the United States in violation of the law. SER 1912 (RT p. 1814). The government objected to the defendant's proposed instruction, arguing that it added elements not found in the text of Section 1324(a)(1)(A)(iv) itself. SER 1913-14 (RT pp. 1815-1816). The district judge sided with the government and denied Mr. Hansen's requested jury instruction. SER 1914 (RT p. 1816). As a result, the jury was instructed that to find Mr. Hansen guilty of Counts 17 and 18, it need only find that Mr. Hansen "encouraged or induced" the two noncitizens to reside in the United States "in reckless disregard" for the fact that their residence would be in violation of the law. SER 2019 (RT p. 1919). The jury was not instructed that the encouragement provision required proof that the defendant intended the noncitizen to violate the law, that the government had to prove solicitation or aiding and abetting, or that "encourage" should be interpreted narrowly as a legal term of art rather than given its broad ordinary meaning.

In *Hansen*, the Supreme Court held that "encouraged or induced" as used in 8 U.S.C. § 1324(a)(1)(A)(iv) *are* terms of art that "carry the usual attributes of solicitation and facilitation—including, once again, the traditional *mens rea*." *Hansen*, 143 S. Ct. at 1945. Thus the *Hansen* opinion supports a claim that Mr. Hansen's jury instructions were erroneous. The Supreme Court's remand to this Court requires consideration of this claim. Indeed, during oral argument in the

7

Supreme Court, the government agreed with Justice Kavanaugh that if the Court interprets "encourages or induces" to include an intent requirement, the case should be remanded to the Ninth Circuit to sort out the jury instruction problem this new requirement creates:

> Justice Kavanaugh: You agree, though, that the intent requirement that's traditionally associated with aiding and abetting and solicitation should be part of the statute, correct?
>
> [Principal Deputy Solicitor General] Brian H. Fletcher: We do. And we just don't think that's rewriting. You know, if you look at 18 U.S.C. 2, the statute at issue in Rosemond, the traditional aiding-and-abetting statute, it doesn't have any explicit intent requirement.
> Judge Hand and then this Court found it implicit in words like "induce." And we're saying the same old soil comes with those same words where they appear here.
>
> Justice Kavanaugh: And then I think you probably do have a problem on the jury instructions.
> Do you want us to remand and let the Ninth Circuit sort that out, or what's – what's your suggestion for how to deal with that?
>
> Brian H. Fletcher: We do.

*United States v. Hansen*, Oyez, https://www.oyez.org/cases/2022/22-179 (last visited Jul 27, 2023), oral argument recording at 6:04-6:54.

Another new, potentially meritorious claim supported by the Supreme Court's *Hansen* opinion is a claim that the evidence at trial is insufficient to support Mr. Hansen's convictions for violating 8 U.S.C. § 1324(a)(1)(A)(iv), and thus Counts 17 and 18 must be vacated. In light of the Supreme Court's holding that "encourages or induces" incorporates the intent element necessary to prove the

8

crimes of solicitation and/or aiding and abetting, Mr. Hansen has a potentially meritorious argument that insufficient evidence was introduced to support convictions under the subclause.

## VI. Conclusion

For the foregoing reasons, Mr. Hansen moves for permission to file a supplemental brief that updates his briefing regarding pending issues and raises new claims that are based on the opinion the Supreme Court issues in his case. This Court will also likely want to schedule a time for an Answering Brief and Reply Brief in connection with the supplemental brief.

Dated: August 4, 2023

Respectfully submitted

HEATHER E. WILLIAMS
Federal Defender

*s/ Carolyn M. Wiggin*
Carolyn M. Wiggin
Assistant Federal Defender

Attorneys for Defendant-Appellant
HELAMAN HANSEN

9