PHILLIP A. TALBERT
United States Attorney
KATHERINE T. LYDON
Assistant U.S. Attorney
501 I Street, Ste. 10-100
Sacramento, CA 95814
Telephone: 916-554-2700

Attorneys for Appellant
UNITED STATES OF AMERICA

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) C.A. No. 17-10548 |
| | ) |
| Plaintiff-Appellant, | ) D.C. No. 2:16-CR-0024-MCE |
| | ) (E.D. Cal., Sacramento) |
| v. | ) |
| | ) |
| HELAMAN HANSEN, | ) UNITED STATES' |
| | ) RESPONSE TO |
| Defendant-Appellee. | ) DEFENDANT'S MOTION TO |
| | ) FILE A SUPPLEMENTAL |
| | ) BRIEF |

### INTRODUCTION

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, the United States opposes, in part, Hansen's motion to file a supplemental brief. Dkt. No. 94. The United States requests

1

that this Court order supplemental briefing on the sole issue of whether the jury instructions setting forth the elements of 18 U.S.C. § 1324(a)(1)(a)(iv) were harmless, insofar as they allowed convictions with a broader *mens rea* than articulated by the Supreme Court on review of this case. Hansen should be permitted to file his brief, followed by the United States' response. But this Court should decline to authorize supplemental briefing on any other issue. If this Court allows Hansen to brief any other issue, the United States requests an opportunity to respond.

## PROCEDURAL HISTORY

A jury convicted Hansen on sixteen counts of mail and wire fraud and two counts of encouraging or inducing illegal immigration for private financial gain in violation of 18 U.S.C. § 1324(a)(1)(A)(iv). Hansen appealed to this Court on grounds including that Section 1324(a)(1)(A)(iv) was facially overbroad, unconstitutional as applied to him, and facially void for vagueness. This Court affirmed Hansen's fraud convictions and sentence but vacated the convictions under Section 1324(a)(1)(A)(iv) counts, holding that section (iv) was facially overbroad. *United States v. Hansen*, 25 F.4th 1103, 1106

(9th Cir. 2022), *rev'd and remanded*, 143 S. Ct. 1932 (2023).  Because this Court held that the statute was facially overbroad, it did not reach Hansen's as-applied or vagueness challenges.  *Id.* at 1106.

The Supreme Court granted certiori and reversed, holding that Section 1324(a)(1)(A)(iv) is not unconstitutionally overbroad.  *United States v. Hansen*, 143 S. Ct. 1932, 1937 (2023).  It reasoned that, "[p]roperly interpreted, this provision forbids only the intentional solicitation or facilitation of certain unlawful acts."  *Id.*  While its opinion focused on facial overbreadth, the Supreme Court also explicitly stated that Hansen's own conduct was not constitutionally protected.  *Id.* at 1947 n.4.

The Supreme Court "remanded for further proceedings consistent with [its] opinion."  *Id.* at 1948.

On August 4, 2023, Hansen filed a motion in this Court seeking permission to file supplemental briefing on a variety of issues.

## ARGUMENT

This Court should only permit supplemental briefing on a single issue:  whether any error in the jury instructions the court gave at trial for Section 1324(a)(1)(A)(iv) was harmless.  Hansen's

3

vagueness and as-applied arguments were fully briefed in this Court and should be disposed of on the existing record. And nothing in the Supreme Court's opinion warrants reopening the briefing to new issues, as Hansen seeks to do.

I. This Court should permit supplemental briefs as to whether any error in the jury instructions was harmless.

The Supreme Court defined the statute more narrowly than did the jury instructions at trial. To that end, it concluded that "[p]roperly interpreted, this provision forbids only the intentional solicitation or facilitation of certain unlawful acts." *Hansen*, 143 S. Ct. at 1937. The Supreme Court's opinion implicates two aspects of the jury instructions. First, the defendant's conduct must amount to either "solicitation" or "facilitation." *Id.* at 1940 ("Criminal solicitation is the intentional encouragement of an unlawful act. Facilitation—also called aiding and abetting—is the provision of assistance to a wrongdoer with the intent to further an offense's commission."); *see also id.* at 1942. Second, for both solicitation or faciliation, "the defendant [must] specifically intend that a particular act be carried out." *Id.* at 1944.

4

Additional briefing may assist this Court. If ordered, the United States will submit briefing demonstrating that, given the entire record, this Court can "conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error." *Neder v. United States*, 527 U.S. 1,19 (1999). It requests that this Court permit Hansen to file his supplemental brief and permit the United States to respond.

> II. This Court should dispose of Hansen's fully-briefed as-applied and vagueness arguments without supplemental briefing.
>
> A. The as-applied challenge is foreclosed by the Supreme Court and does not warrant supplemental briefing.

Hansen has already fully briefed the as-applied challenge, arguing that his own speech was "not integral to criminal conduct" and thus "protected by the First Amendment and could not form the basis for a criminal conviction." *See* AOB at 47–48. The United States responded. *See* AAB 92–93. Both parties made as-applied arguments before the Supreme Court. *See* Br. for Resp't at 38–44, *United States v. Hansen*, 143 S. Ct. 1932 (2023) (No. 22-179), 2023

5

WL 2186451[1] ("In addition, because Mr. Hansen was convicted only for encouraging such civil law violations, the Court could also affirm on the narrower ground that the law is unconstitutional as applied to him."); Br. for the United States, 2023 WL 363953 (U.S.), at 42–44 ("Nothing in this Court's First Amendment jurisprudence foreclosed Congress from criminalizing respondent's conduct here, in which he induced his victims to violate the civil immigration laws.").

 The Supreme Court's opinion foreclosed Hansen's as-applied challenge, explicitly stating that cases of fraud, "like Hansen's," were not protected by the First Amendment. *Hansen*, 143 S. Ct. at 1947 n.4. It explained that prosecutions, like the one against Hansen, "are predicated on fraudulent representations through speech for personal gain." *Id.* (citations omitted). In turn, it observed that false claims "'made to effect a fraud or secure moneys or other valuable considerations' are not protected by the First Amendment." *Id.* (citation omitted).

---

[1] Additional citations to the briefs filed in the Supreme Court in *United States v. Hansen*, 143 S. Ct. 1932, are limited to the parallel citations to the electronic database (Westlaw).

Not only is Hansen's as-applied argument fully briefed, the Supreme Court forecasted its demise. Accordingly, this Court should deny Hansen's as-applied challenge without further briefing.

### B. The vagueness challenge does not warrant supplemental briefing.

This Court has everything it needs to dispose of Hansen's vagueness argument and should not entertain supplemental briefing. The parties already briefed vagueness fully in this Court. *See* AOB 41–44, AAB at 60–63. And Hansen's motion does not explain why more briefing would help this Court. Further, the Supreme Court's opinion did nothing to make the statute somehow more vague, and it explicitly confirmed that Hansen's own conduct was unlawful (as explained above). Because Section 1324(a)(1)(A)(iv) clearly prohibits Hansen's conduct, he cannot make a vagueness challenge. *See United States v. Williams*, 553 U.S. 285, 304 (2008). This Court should reject Hansen's vagueness argument without additional briefing.

7

### III. This Court should not permit supplemental briefing on any other new issues.

#### A. This Court should not permit re-briefing on "whether the First Amendment prohibits criminal punishment of speech regarding a civil violation."

In this Court and the Supreme Court, the parties as well as amici fully briefed the sub-issue of whether Section 1324(a)(1)(A)(iv) may criminalize speech regarding a civil violation, addressing Hansen's facial *and* as-applied challenges. *See* AOB at 47–48 (as applied); AAB at 92–93 (as-applied); Br. of Amicus Curiae Am. Civil Liberties Union, Dkt. No. 51 at 13–17 (facial overbreadth); Br. for Resp't, 2023 WL 2186451 (U.S.), at 38–44 (facial overbreadth and as-applied); Br. for the United States, 2023 WL 363953 (U.S.), at 42–44 (facial overbreadth and as-applied); Reply Br. for the United States, 2023 WL 2587284 (U.S.), at 19–20 (facial overbreadth and as-applied); *see generally* Br. of Amicus Curiae Professor Eugene Volokh in Supp. of Resp't, 2023 WL 2283202 (U.S.) (facial overbreadth).

The Supreme Court in this case rejected the "mismatch" theory as a basis for a facial overbreath challenge. *Hansen*, 143 S. Ct. at 1947–48. And it foreclosed Hansen's as-applied challenge completely

8

because his speech was in furtherance of fraud, *id.* at 1947 n.4, while acknowledging that nothing in the opinion "precludes a litigant from bringing an as-applied challenge to clause (iv) in the future," *id.* at 1947 n.5. For Hansen, though, the mismatch argument has had its day in court and been rejected, both facially and as-applied. No further briefing of it is warranted.

### B. This Court should not order supplemental briefing regarding sufficiency of the evidence.

This Court should not entertain further briefing on the "claim that the evidence at trial is insufficient to support Mr. Hansen's convictions for violating 18 U.S.C. § 1324(a)(1)(A)(iv) and thus Counts 17 and 18 must be vacated." Mot. at 8. This is simply the other side of the coin of the jury instructions harmlessness issue, which the parties agree warrants supplemental briefs. Whether the evidence was sufficient to convict Hansen of violating Section 1324(a)(1)(A)(iv) under the Supreme Court's clarifcation of the elements is the same question as whether the error in the instructions was harmless because a jury would have convicted if instructed according to the latest Supreme Court interpretation of the elements. The only difference is that the standard of review

9

would be more demanding for Hansen viewed through the lens of sufficiency. *See, e.g., United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc). The Court should not permit supplemental briefing regarding sufficiency of the evidence.

## CONCLUSION

The United States respectfully requests that this Court authorize Hansen to file a supplemental brief, and the United States to file a response, regarding the jury instruction issue only. If the Court authorizes Hansen to file supplemental briefing on any other matter, the United States respectfully requests the opportunity to respond.

| | |
|---|---|
| DATED: August 14, 2023 | Respectfully submitted, |
| | PHILLIP A. TALBERT<br>United States Attorney |
| | /s/ Katherine T. Lydon<br>KATHERINE T. LYDON<br>Assistant United States Attorney |

**CERTIFICATE OF SERVICE**

When All Case Participants are Registered for the
Appellate CM/ECF System

I hereby certify that on August 14, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

| | |
|---|---|
| August 14, 2023 | /s/ Katherine T. Lydon |
| | KATHERINE T. LYDON |
| | Assistant United States Attorney |